## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTY NESTRIPKE,<br><br>     Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>     Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:14-cv-685-RJS<br><br>Judge Robert J. Shelby |

This is a dispute over a life-insurance policy. Plaintiff Christy Nestripke alleges that Defendant Aetna Life Insurance Company wrongfully denied benefits of an insurance policy taken out on the life of Theron Nestripke. Ms. Nestripke made multiple claims on the policy and Aetna denied each one. Ms. Nestripke then sued Aetna in Utah state court, alleging breach of contract and bad faith. Aetna removed the case to this court and moved to dismiss. Ms. Nestripke then moved to remand the case to state court. For the reasons stated below, the court denies Ms. Nestripke's Motion to Remand and grants Aetna's Motion to Dismiss.

## I. Motion to Remand[1]

Generally, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[2] If there is no diversity of citizenship, there must be a federal question.[3] The well-pleaded-complaint rule dictates that a federal question

---

[1] Ms. Nestripke titled her motion as an objection to a notice of removal. (Dkt. 10.) Because she has requested relief, the court construes it as a motion to remand.

[2] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)).

[3] *Caterpillar, Inc. at* 392.

1

only exists when properly pleaded in a complaint. An exception to this rule is complete preemption, where a federal statutory cause of action "is so powerful as to displace any state cause of action."[4] Section 502(a)(1)(B) of ERISA provides a cause of action for a plan participant or beneficiary of an ERISA-governed plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[5] The Supreme Court has recognized that Section 502(a)(1)(B) completely preempts state-law claims by manifesting sufficient congressional intent to recharacterize them as federal claims subject to removal.[6] Complete preemption applies to Section 502(a)(1)(B) claims "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions."[7]

ERISA governs the life-insurance policy at issue here. Further, Ms. Nestripke's claims fall under Section 502(a)(1)(B): she is seeking to enforce her rights and recover benefits. Although state and federal courts share concurrent jurisdiction over Section 502(a)(1)(B) claims,[8] defendants can remove the claims to federal court.[9] Here, Aetna has properly removed the claims to this court and the state causes of action are completely preempted. Thus, the Motion to Remand is denied and the court retains jurisdiction.

---

[4] *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 23 (1983).
[5] 29 U.S.C. § 1132(a)(1)(B).
[6] *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146, 1155 (10th Cir. 2004) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66 (1987).
[7] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).
[8] 29 U.S.C. § 1132(e).
[9] *See* 28 U.S.C. § 1441(a); *Caterpillar Inc.* at 392; PAUL J. SCHNEIDER AND BRIAN M. PINHEIRO, ERISA: A COMPREHENSIVE GUIDE § 8.03[C]–[D] (4th ed. 2014).

## II.  Motion to Dismiss

To be sure, complete preemption is a jurisdictional doctrine separate from ordinary preemption.  Complete preemption allows defendants to remove cases to federal court; ordinary preemption is a federal defense to a plaintiff's substantive claims.[10]  Section 514 contains an express ordinary preemption clause that states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute.  This clause is "clearly expansive"[11] and establishes that a state law relates to an ERISA plan "if it has a connection with or reference to such a plan."[12]

Ms. Nestripke's breach-of-contract and bad-faith claims relate to the ERISA-governed plans.  She is attempting to recover plan benefits and makes allegations regarding policy interpretations and benefit denials.  The Supreme Court and Tenth Circuit have held that ERISA preempts similar claims.[13]  The court therefore finds that ERISA preempts Ms. Nestripke's claims and dismisses them.

## CONCLUSION

For the reasons stated, the court DENIES Ms. Nestripke's Motion to Remand (Dkt. 10) and GRANTS Aetna's Motion to Dismiss (Dkt. 5).  The court DISMISSES Ms. Nestripke's causes of action and grants leave to file an amended complaint within twenty-one days.

---

[10] *Felix*, 387 F.3d at 1155.

[11] *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 146 (2001).

[12] *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983).

[13] *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–63 (1987) (holding ERISA preempts common-law tort and contract claims); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56–57 (1987) (same); *Kidneigh v. UNUM Life Ins. Co of Am.*, 345 F.3d 1182, 1188–89 (10th Cir. 2003) (holding ERISA preempts Colorado bad-faith cause of action); *Cannon v. Group Health Service of Oklahoma, Inc.*., 77 F.3d 1270, 1273–74 (10th Cir. 1996) (holding ERISA preempts common-law tort and contract actions asserting improper processing of a claim for benefits); *Kelso v. General American Life Ins. Co.*, 967 F.2d 388, 389-91 (10th Cir. 1992) (holding ERISA preempts common-law breach of contract action); *Kelley v. Sears, Roebuck & Co.*, 882 F.2d 453, 456 (10th Cir. 1989) (holding ERISA preempts Colorado bad-faith cause of action).

SO ORDERED this 17th day of March, 2015.

BY THE COURT:

_____

ROBERT J. SHELBY
United States District Judge